# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD NURIDDIN,<br><br>        Plaintiff,<br><br>    v.<br><br>ESTRELLA, et al.,<br><br>        Defendants. | CASE NO. 1:11-cv-01448-SAB (PC)<br><br>ORDER ADDRESSING PLAINTIFF'S MOTION FOR STATUS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS PREMATURE<br><br>(ECF Nos. 7, 11) |

Plaintiff Muhammad Nuriddin ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. The complaint in this action was filed on August 29, 2011. (ECF No. 1.) On March 8, 2012, Plaintiff filed a motion for status. (ECF No. 7.) On January 14, 2013, Plaintiff filed a motion for summary judgment. (ECF No. 11.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court will order the United States Marshal to serve Plaintiff's complaint if, and only if, it determines that Plaintiff has stated a cognizable claim.

The Court is yet to screen Plaintiff's complaint to determine whether it states a claim upon

which relief could be granted.  As such, none of the defendants have been served or have appeared in this case.  With this procedural background in mind, the Court will address Plaintiff's pending motion.

Federal Rule of Civil Procedure 56 contemplates that, prior to filing a motion for summary judgment, the opposing party should have a sufficient opportunity to discover information essential to its position.  See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).  In other words, the case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered and be afforded a reasonable opportunity to present such evidence.  <u>Portsmouth Square, Inc., v. Shareholders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir.1985).  Until such time as a defendant has entered an appearance and had the opportunity to conduct discovery, Plaintiff's motion is premature.  Once the defendants have filed an answer, a discovery order will be entered, and a deadline for the filing of dispositive motions will be set.

Additionally, Plaintiff's argument that his right to a speedy trial has been violated fails because this is a civil action and the Speedy Trial Act of 1974 applies only to criminal actions.  18 U.S.C. §§ 3161-3174.  The federal court is required to screen Plaintiff's complaint under 28 U.S.C. § 1915A(a), no matter how many days have passed since the complaint was filed.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated:   **February 21, 2013**

_____
UNITED STATES MAGISTRATE JUDGE