1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 MUHAMMAD NURIDDIN,                          ) Case No.: 1:11-cv-01448-SAB (PC)
                                                          )
12                    Plaintiff,                           )
                                                          ) ORDER DISMISSING CERTAIN CLAIM AND
13          v.                                            ) DEFENDANT FROM ACTION FOR FAILURE
                                                          ) TO STATE A COGNIZABLE CLAIM
14 ESTRELLA, et al.,                                      )
                                                          )
15                    Defendants.                         )
                                                          )
16 _____)

17          Plaintiff Muhammad Nuriddin is appearing pro se and in forma pauperis in this civil rights

18 action pursuant to <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971).  <u>Bivens</u> actions and actions

19 under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a

20 federal actor under <u>Bivens</u>."  <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991).  Pursuant to 28

21 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on

22 September 7, 2011.  Local Rule 302.

23                                          **I.**

24                              **SCREENING REQUIREMENT**

25          The Court is required to screen complaints brought by prisoners seeking relief against a

26 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28 "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]

1   monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2      A complaint must contain "a short and plain statement of the claim showing that the pleader is

3   entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

4   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

5   do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

6   550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally

7   participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

8   2002).

9      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally

10  construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121

11  (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible,

12  which requires sufficient factual detail to allow the Court to reasonably infer that each named

13  defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service,

14  572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not

15  sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying

16  the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

17                                          **II.**

18                            **COMPLAINT ALLEGATIONS**

19     Plaintiff is currently in custody in Atwater United States Penitentiary ("AUSP") in Atwater,

20  California.  The incidents described in Plaintiff's complaint took place while he was incarcerated in

21  this location.  Plaintiff names Correctional Officer Estrella, Lieutenant Miller, Warden Rios, Assistant

22  Warden Bell, and Does 1-2 as defendants (collectively referred to as "Defendants").

23     On September 29, 2010, Plaintiff walked through the institution's metal detector, without any

24  detection.  Defendant Estrella, who was standing guard outside the dining hall, ordered Plaintiff to

25  submit to a pat-down search.  Plaintiff's complied with Estrella's order.  Estrella ordered Plaintiff to

26  spread his legs, and he began the search on the upper body rubbing his chest and arms softly.  He then

27  reached under Plaintiff's crotch area with his forearm first.  Plaintiff immediately turned around and

28  asked Estrella, "what are you doing."  Estrella ordered Plaintiff to turn around in an aggressive

                                            2

manner.  Estrella proceeded to pat search Plaintiff and gripped his "genitals first, then penis and rubbed up along the anus."  Defendant Estrella performed this act of rubbing Plaintiff's private area in a sexual way.  Plaintiff yanked away from Estrella and yelled "what the f… man what are you doing?"

Following this incident, Plaintiff exercised his right to file a grievance against Defendant Estrella.  Defendant Miller threatened Plaintiff to drop the complaint and not file further grievances or he would be "buried" in the security housing unit (SHU) indefinitely.  Plaintiff's declined to obey Defendant Miller's request and was placed in the SHU for filing the grievance and received an incident report.  Several days later, Plaintiff was visited by Does 1-2 who threatened Plaintiff to withdraw the grievance or he would remain in segregation for a long period of time.   Defendants Rios and Bell retaliated against Plaintiff for filing a grievance against Defendant Estrella, by stating that could not release him unless he dropped the complaint.  Plaintiff remained in the SHU for a month and a half.

### III.

### DISCUSSION

**A.      Eighth Amendment Excessive Force Claims**

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force.  Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992).  What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency.  Hudson, 503 U.S. at 8 (quotation marks and citations omitted).  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Wilkins, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

The Eighth Amendment protects inmates from repetitive and harassing searches, and from sexual abuse.  Schwenk v. Hartford, 204 F.3d 1187, 1196-1197 (9th Cir. 2000).  Rape or other sexual assault perpetrated by a guard against an inmate is offensive to human dignity and violates the Eighth amendment regardless of lasting physical injury.  Id.  The Ninth Circuit has also held that, under

3

limited circumstances, a bodily search involving intimate touching may inflict psychological pain sufficient to implicate the Eighth Amendment even in the absence of sexual assault.  In <u>Jordan v. Gardner</u>, 986 F.2d 1521, 1523-1531 (9th Cir. 1993) (en banc), the Ninth Circuit held that a prison policy requiring male guards to conduct frequent random clothed body searches of female inmates constituted cruel and unusual punishment when the policy was adopted despite the warnings of prison psychologists that the intrusive searches would severely traumatize inmates, many of whom had pre-incarceration histories of sexual abuse by men.

Plaintiff's allegations fail to give rise to a cognizable claim against Defendant Estrella.  Although Plaintiff's contends that Defendant Estrella conducted the search in a "sexual way," the complaint does not contain any facts to support such characterization.  There is no allegation that Defendant Estrella made any sexual comments or fondled or touched Plaintiff in a sexual manner.  Plaintiff merely alleges that during a presumably "clothed" body search, Defendant Estrella "gripped" his genitals, then penis, and rubbed along his anus.  Without more factual detail such as comments by the defendant and/or further action, these facts are entirety consistent with a body search to maintain and assure proper security within the prison facility.   Such factual circumstances do not give to a plausible claim that the search was conducted in a sexually abusive manner.  <u>Contrast</u> <u>Watson v. Jones</u>, 980 F.2d 1165, 116501166 (8th Cir. 1992) (triable issue as to sexual harassment when two inmates alleged that female correctional officer fondled them during almost daily pat-down searches of their genital area); <u>Bromell v. Idaho Dep't of Corrections</u>, No. CV 05-419-N-LMB, 2006 WL 3197157, * 1, *4 (D. Idaho Oct. 31, 2006) (allegations that officer pressed his penis against plaintiff's buttocks and made sexual comments stated an Eighth Amendment claim); <u>Rodriguez v. McClenning</u>, 399 F.Supp.2d 228, 232, 237-238 (S.D.N.Y. 2005) (triable issue as to Eighth Amendment violation when plaintiff contended that guard caressed his chest and groped his genitals and buttocks during a pat-frisk search, saying "this way, it's more fun" when plaintiff objected); <u>Houston v. Buck</u>, No. CIV S 03-1625 FCD JFM P, 2005 WL 1378964, *3 (E.D. Cal. 2005), adopted by 2005 WL 1561530 (E.D. Cal. June 29, 2005) (triable issue as to Eighth Amendment violation when plaintiff alleged that guard said "let me feel on you" before conducting a patdown search during which he squeezed parts of plaintiff's body).

Even if Plaintiff believed there was a sexual aspect to the search, more is needed.  <u>See</u> <u>Berryhill v. Schriro</u>, 137 F.3d 1073, 1076 (8th Cir. 1998) (plaintiff's belief that prison employee's brief touch to plaintiff's buttocks, unaccompanied by sexual comments, was a sexual advance did not create a triable issue as to Eighth Amendment violation when the evidence did not support characterization); <u>Smith v. Los Angeles County</u>, No. CV 07-7028-VAP (MAN), 2005 WL 2569232, *5 (C.D. Cal. 2010), adopted by 2010 WL 2572570 (C.D. Cal. 2010), aff'd, 452 Fed. Appx. 768 (9th Cir. 2011) (pretrial detainee failed to state Fourteenth Amendment due process claim, or Fourth Amendment unreasonable search claim, based on plaintiff's allegations that defendant correctional officer, pursuant to a search and without sexual comment, pulled plaintiff's boxers to look at his buttocks, inserted his hand "karate chop" style, into "the cavity of my buttocks . . . until it passed between my legs and reached under and around until he cupped my genitals." (citing <u>Berryhill v. Schriro</u>, 137 F.3d 1073, 1076 (8th Cir. 1998) (affirming summary judgment for defendant on plaintiff's Eighth Amendment claim that prison employee's brief touch ("mere seconds") to plaintiff's buttocks during "horseplay," unaccompanied by sexual comments, was an improper sexual advance that "embarrassed" plaintiff); and <u>Osterloth v. Hopwood</u>, No. CV 06 152 M JCL, 2006 WL 3337505, *6,*7 (D. Mont. 2006) (dismissing Eighth Amendment claim challenging as sexually abusive an officer's search of plaintiff that allegedly included the officer reaching between plaintiff's legs, grabbing his scrotum and penis, and sliding his hand between plaintiff's buttocks, wherein plaintiff stated to the officer, "that was pretty much sexual assault," and officer responded, "yah pretty much.").

## B.    First Amendment—Retaliation Claims

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see</u> <u>also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005); <u>accord</u>

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

The Court finds that Plaintiff's allegations are sufficient to state a claim against Defendants Miller, Rios, Bell, and Does 1-2 for retaliation, in violation of the First Amendment, and the Court has forwarded Plaintiff the necessary service document by way of separate order issued January 24, 2014.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint fails to state a cognizable Eighth Amendment violation against Defendant Estrella, and this claim and defendant must be dismissed from the action with prejudice.

Accordingly,

IT IS HEREBY ORDERED that:

1.     Plaintiff's claim for sexual assault in violation of the Eighth Amendment against Defendant Estrella is DISMISSED.

IT IS SO ORDERED.

Dated:   **February 24, 2014**

UNITED STATES MAGISTRATE JUDGE