1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   MUHAMMAD NURIDDIN,                    )   Case No.: 1:11-cv-01448-SAB (PC)
                                           )
12                    Plaintiff,           )
                                           )   ORDER TO SHOW CAUSE REGARDING
13          v.                             )   SERVICE OF PROCESS UPON DEFENDANTS
                                           )   BELL AND MILLER
14   ESTRELLA, et al.,                     )
                                           )   [ECF Nos. 20, 21]
15                    Defendants.          )
                                           )
16 _____    )

17          Plaintiff Muhammad Nuriddin is appearing pro se and in forma pauperis in this civil rights

18   action pursuant to <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971).  <u>Bivens</u> actions and actions

19   under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a

20   federal actor under <u>Bivens</u>."  <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991).  Pursuant to 28

21   U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on

22   September 7, 2011.  Local Rule 302.

23          This action is proceeding against Defendants Miller, Rios, and Bell for retaliation in violation

24   of the First Amendment.  The United States Marshal have not been able to serve Defendants Miller

25   and Bell.[1]

26   ///

27   _____

28   [1] The service of process as to Defendant Rios is addressed by separate order.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> [if] a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the United States Marshal, upon order of the Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties."  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause…."  Id. at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  Id. at 1421-1422.

## I.     Defendant Lieutenant Timothy Miller

On August 8, 2014, personal service was attempted but not successful.  (Id.)

In this instance, the last known address provided by the prison is no longer accurate and personal service has not been successful.  Plaintiff shall be provided with an opportunity to show cause why Defendant Miller should not be dismissed.  Fed. R. Civ. P. 4(m).

## II.     Defendant Assistant Warden John Bell

With regard to Defendant Bell, personal service was affected on August 8, 2014.  The Human Resources Department at the United States Penitentiary in Atwater reported that Assistant Warden

John Bell died on May 14, 2012.[2] (ECF No. 20.)

Plaintiff shall be provided with an opportunity to show cause why Defendant Bell should not be dismissed.  Fed. R. Civ. P. 4(m).  <u>If Plaintiff either fails to respond to this order or responds but</u> <u>fails to show cause, Defendants Miller and Bell shall be dismissed from this action</u>.

Based on the foregoing,

IT IS HEREBY ORDERED that:

1.     Within **thirty (30)** days from the date of service of this order, Plaintiff shall show cause why Defendants Miller and Bell should not be dismissed from this action; and

2.     The failure to respond to this order or the failure to show cause will result in the dismissal of Defendants Miller and Bell from this action.

IT IS SO ORDERED.

Dated:   **October 1, 2014**

UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 25 of the Federal Rules of Civil Procedure provides:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).