UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD NURIDDIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESTRELLA, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-01448-LJO-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND THE TIME TO FILE MOTION FOR SUBSTITUTION<br><br>[ECF No. 26] |

　　　　Plaintiff Muhammad Nuriddin is appearing pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

　　　　On October 1, 2014, the Court issued an order to show cause why Defendants Miller and Bell should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 23.) Plaintiff filed a response on October 23, 2014. (ECF No. 26.)

　　　　When personal service was attempted on Defendant Bell on August 8, 2014, the Human Resources Department at the United States Penitentiary in Atwater reported that Assistant Warden John Bell died on May 14, 2012. (ECF No. 20.)

　　　　Plaintiff appears to take issue with the fact that the Human Resources Department at the United States Penitentiary did not personally inform Plaintiff of the death of Defendant bell and waited to

1

report the death (which occurred on May 14, 2012) until August 8, 2014, when the United States Marshal attempted to serve him.  Plaintiff is advised that there is no requirement that of a statement of death be provided  unless and until, in this case, service is attempted on the individual.  In this instance, the Court was required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, prior to service of the complaint upon the appropriate defendants.  The Court screened Plaintiff's complaint and ordered service by the United States Marshal on March 7, 2014.  Thereafter, on September 3, 2014, Plaintiff was served with return of summons as unexecuted due to the death of Defendant Bell. (ECF No. 20.)

Rule 25 of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

In his response to the order to show cause, Plaintiff requests an extension of time to file a motion for substitution pursuant to Rule 25.  Based on the showing of good cause, the Court will grant Plaintiff an extension of **thirty (30) days** to file a motion for substitution pursuant to Rule 25.

IT IS SO ORDERED.

Dated:   **January 14, 2015**

UNITED STATES MAGISTRATE JUDGE

2