1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                              EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| MUHAMMAD NURIDDIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESTRELLA, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-01448-SAB (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY DEFENDANT BELL SHOULD NOT BE DISMISSED<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBSTITUTION AND GRANTING PLAINTIFF THIRTY DAYS TO MAKE PROPER SUBSTITUTION<br><br>[ECF Nos. 23, 36] |

   Plaintiff Muhammad Nuriddin is appearing pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).  Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens."  Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

   On October 1, 2014, the Court issued an order to show cause why Defendants Miller and Bell should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  (ECF No. 23.)  Plaintiff filed a response on October 23, 2014.  (ECF No. 26.)

   When personal service was attempted on Defendant Bell on August 8, 2014, the Human Resources Department at the United States Penitentiary in Atwater reported that Assistant Warden John Bell died on May 14, 2012. (ECF No. 20.)

1

Plaintiff filed a response to the order to show cause and requested an extension of time to file a motion for substitution. (ECF No. 26.) On January 14, 2015, the Court granted Plaintiff thirty days to file a request to file a motion for substitution. (ECF NO. 33.) Plaintiff filed a motion for substitution on February 25, 2015.

Plaintiff seeks to substitute the "unknown" wife of Defendant Bell as the successor or representative of the decedent's estate. Plaintiff requests the Court substitute the "unknown" wife or "grant Plaintiff the opportunity to find the address and or telephone number of the unknown wife of the Defendant A. W. Bell the decedent, to attempt proper service upon the substitution Defendant." While Plaintiff may seek to substitute the proper party for Defendant Bell, it is Plaintiff's responsibility to identify the party, make the substitution, and provide sufficient information for the Marshal to locate the party for service. Neither the Court nor the Marshal may conduct an investigation on Plaintiff's behalf to determine this information. Nor will the Court grant Plaintiff an infinite period of time to discover such information. The Court will discharge the order to show cause and allow Plaintiff one final opportunity to substitute the proper party in light of Defendant Bell's death and provide that party's address for service. If Plaintiff fails to make the proper substitution and provide a current address for service within thirty days from the date of service of this order, Defendant Bell will be dismissed from this action.

Accordingly, it is HEREBY ORDERED that:

1. The order to show cause, filed October 1, 2014, is DISCHARGED; and
2. Within thirty days from the date of service of this order, Plaintiff shall make the proper substitution and provide a current address for service on the proper party for Defendant Bell or he will be dismissed from this action.

IT IS SO ORDERED.

Dated:   **March 19, 2015**

UNITED STATES MAGISTRATE JUDGE

2