UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD NURIDDIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ESTRELLA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:11-cv-01448-LJO-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY<br><br>[ECF No. 41] |

　　　　Plaintiff Muhammad Nuriddin is appearing pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

　　　　This action is proceeding against Defendants Rios, Bell, Miller, and Does 1-2 for retaliation in violation of the First Amendment.[1]

　　　　On March 19, 2015, Defendant Rios filed a motion for summary judgment for failure to exhaust the administrative remedies.

///

///

---

[1] Defendant Rios is the only defendant who has been served with process.

1

On April 10, 2015, Defendant filed a motion to stay discovery pending the motion for summary judgment relating to exhaustion of the administrative remedies. Plaintiff did not file an opposition, and the motion is deemed submitted. Local Rule 230(*l*).

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), cert. denied, 134 S.Ct. 117 (2013); Hunt v. County of Orang*e*, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendant is entitled to judgment on Plaintiff's claim against him if the Court determines the claim is unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170. To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party may seek redress by Federal Rule of Civil Procedure 56(d). Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by Albino, 747 F.3d at 1168-69). Except for discovery related to whether Plaintiff failed to exhaust the administrative remedies, the parties are precluded from responding to any discovery requests or serving any discovery requests until the stay is lifted. If the

1 parties have been served with discovery requests that do not relate to Plaintiff's exhaustion of
2 administrative remedies, they shall retain the discovery for later consideration, if and until the stay has
3 been lifted.
4       Accordingly, good cause having been shown, Defendant's motion to stay discovery relating to
5 the merits of Plaintiff's retaliation claim is GRANTED and discovery is STAYED, as to the merits
6 only until further order of the Court.  Fed. R. Civ. P. 26(c); <u>Albino</u>, 747 F.3d at 1170-71.  Discovery is
7 not stayed to the extent discovery is needed for the limited issue related to the defendants' motion for
8 summary judgment for failure to exhaust the administrative remedies.

10 IT IS SO ORDERED.

11 Dated:   **May 12, 2015**

                              UNITED STATES MAGISTRATE JUDGE