UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD NURIDDIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESTRELLA, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-01448-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff Muhammad Nuriddin is appearing pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

**I.**

**PROCEDURAL BACKGROUND**

Plaintiff filed the initial complaint on August 29, 2011, alleging that he had been sexually assaulted in violation of the Eighth Amendment and was the subject of retaliation for reporting the assault.

On August 28, 2013, the Court screened the complaint and found insufficient facts to support an Eighth Amendment claim but found a cognizable claim of retaliation in violation of the First Amendment. (ECF No. 13.) In that order, the Court informed Plaintiff he could either file a first

1

amended complaint or notify the Court that he was willing to proceed on the claim found to be cognizable. (Id.) Plaintiff filed an amended complaint on September 17, 2013. (ECF No. 14.) In the first amended complaint, Plaintiff alleges that Officer Estrella touched Plaintiff in a sexual manner and that Lieutenant Miller, Associate Warden Bell and Warden Rios retaliated against Plaintiff for reporting the incident. (ECF No. 14.) Plaintiff specifically alleges that on or about September 29, 2010, Officer Estrella conducted a physical pat down search of Plaintiff in a sexual manner, and after Plaintiff complained of the incident on November 5, 2010, Lieutenant Miller, Associate Warden Bell and Warden Rios retaliated against him by placing him in the Security Housing Unit. (ECF No. 14, Amd. Compl. at pp. 6-9.)[1]

On January 24, 2014, the Court found that Plaintiff stated a cognizable claim for retaliation against Defendants Miller, Bell, Rios, and Does 1-2. (ECF NO. 15.) In a separate order, the claim against Officer Estrella was dismissed for failure to state a cognizable claim for relief. (ECF No. 15.)

On December 18, 2014, Defendant Rios filed an answer to the first amended complaint. (ECF No. 29.) Defendants Miller and Bell have both been dismissed from the action. (See ECF Nos. 45, 46.) Therefore, Warden Rios is the only remaining Defendant in this action.

On March 19, 2015, Defendant Rios filed a motion for summary judgment on the ground that Plaintiff failed to exhaust the administrative remedies. (ECF No. 37.) Plaintiff filed an opposition on May 15, 2015, and Defendant filed a reply on May 22, 2015. (ECF Nos. 48, 50.) Pursuant to Local Rule 230(*l*), the motion is deemed submitted to the Court for review.

## II.

## DISCUSSION

**A.     Motion for Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is

---

[1] The page citations are to the CM/ECF pagination.

disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial."  In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323).  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence."  Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).  The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### B. Exhaustion under the Prisoner Litigation Reform Act

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings.  Albino, 747 F.3d at 1170.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### C. Federal Bureau of Prisons Grievance Process

The federal Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate can seek redress of a complaint in relation to any aspect of his imprisonment. See 28 C.F.R. §§ 542.10(a).  The inmate must first ordinarily seek to resolve the issue informally with prison staff using a BP-8 form.  28 C.F.R. 542.13(a); Nunez v. Duncan, 591 F.3d 1217, 1219 (9th Cir. 2010).

If the complaint cannot be resolved informally, the inmate must present a formal administrative remedy request at the institution of confinement using a BP-9 form.  28 C.F.R. § 542.14(a); Nunez, 591 F.3d at 1219.  The BP-9 must be submitted within 20 calendar days following the date of the date the grievance occurred, unless the prisoner can provide a valid reason for delay.  28 C.F.R. § 542.14(a), (b); Nunez, 591 F.3d at 1219.

If the BP-9 request is denied by the warden and the prisoner is not satisfied, he must then file an appeal to the Regional Director using a BP-10 form.  28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1219.  The BP-10 must be submitted within 20 calendar days of the date the warden responded to the

BP-9, unless the prisoner provides a valid reason for the delay.  28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1220.

If the prisoner is dissatisfied with the Regional Director's response, the last step is to submit an appeal to the BOP General Counsel using a BP-11 form.  28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1219-1220.  The BP-11 must be submitted within 30 calendar days of the date of the Regional Director's response to the BP-10, with the same exception of a valid reason for the delay.  28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1220.

**D.    Analysis of Motion for Summary Judgment**

Defendant argues that Plaintiff failed to exhaust the administrative remedies because he filed only an administrative remedy at the Central Office, which was rejected.

The records of administrative remedies filed by BOP inmates is maintained on the SENTRY computer system, a national database that includes all administrative grievance filings made by inmates incarcerated in BOP facilities.  (ECF NO. 37-3, Declaration of Jennifer Vickers ("Vickers Decl.") ¶ 4; Attach. 1.)   BOP assigns a unique number to each administrative remedy it receives.  (Id. ¶ 3.)  This number consists of six digits, followed by a suffix (-F1, -R1, or –A1) which identifies the administrative remedies as a BP-9, BP-10, or BP-11, respectively.  (Id.)

At the time Plaintiff filed the instant action, he had utilized the BOP's administrative remedy program only once.[2]  (Id. ¶ 5.)  The only record of Plaintiff filing an administrative remedy at any level prior to initiating the instant action was a Central Office appeal, on form BP-11, in which Plaintiff alleged "inappropriate contact by staff."  The appeal was designated 636907-A1.  (Id.)  There is no record in SENTRY of any BP-9 or BP-10, on this or any other issue, filed by Plaintiff at any time prior to submission of this BP-11.  (Id.)

Plaintiff's BP-11 was received on April 5, 2011, and rejected on April 27, 2011, with rejection codes WRL and INS.  (Vickers Decl. ¶ 5.)  The WRL and INS codes denote that Plaintiff was

---

[2] Most recently (and well after the instant action was filed), on July 29, 2014, Plaintiff filed a BP-9 at USP Atwater.  (Vickers Decl. ¶ 6.)  This BP-9 was designated 788376-F1.  (Id.; Attach. 2.)  The administrative appeal alleges that a staff member retaliated against Plaintiff for filing a complaint against her on April 28, 2014, by having him detained and sent to the Lieutenant's office on June 12, 2014.  (Id.; Attach. 2.)  This appeal clearly has no relevance to this instant action because it involves a separate claim of retaliation that alleged took place in 2014.  (Id.)

5

1  informed that he filed his appeal at the wrong level, and that he must first file a BP-9 at the United
2  States Penitentiary prior to filing an appeal. (Id.; see also 28 C.F.R. § 542.15(2) (providing that
3  inmates cannot appeal issues not raised in lower level filings.) Plaintiff did not file a BP-9 as
4  instructed. (Id.)
5     Based on evidence submitted, Defendant has met his burden of demonstrating "that
6  administrative remedies were available but not properly utilized by Plaintiff. Albino, 697 F.3d at
7  1035. Accordingly, the burden now shifts to Plaintiff "to show that the administrative remedies were
8  unavailable." Id. at 1031 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996);
9  Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011).)
10    Absent a showing that administrative remedies were unavailable, Plaintiff's failure to comply
11  with the BOP's procedural rules, requires dismissal for failure to exhaust administrative remedies. See
12  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an
13  agency's deadlines and other critical procedural rules because no adjudicative system can function
14  effectively without imposing some orderly structure on the course of its proceedings."); Moore v.
15  Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).
16    In opposition, Plaintiff contends that he filed a "sensitive" remedy request because he feared
17  retaliation, and he properly bypassed the BP-9 and BP-10 levels of review and filed a BP-11 directly at
18  the Regional Director level of review. (ECF No. 48, Pl.'s Opp'n at pp. 2-3.) Contrary to Plaintiff's
19  contention, he is not allowed to determine unilaterally that his request is fact sensitive, and Plaintiff
20  cannot simply determine unilaterally to bypass the BP-9 and BP-10 levels of review and proceed
21  directly to an appeal to the Central Office. See 28 C.F.R. § 542.14(d)(1) (providing that office of the
22  Regional Director, not Central Office, receives sensitive inmate requests and makes the determination
23  whether the inmate will be permitted to file grievance at the Regional Director (BP-10) level without
24  first filing at the institution (BP-9) level).
25    Plaintiff has presented no evidence to demonstrate that he utilized the administrative procedure
26  for filing a sensitive administrative remedy with the Regional Director, and the conclusive evidence
27  submitted by Defendants demonstrates that he filed only one appeal at the Central Office. Indeed,
28  Plaintiff essentially concedes he filed only one appeal (related to the claim at issue in this action) at the

1  Central Office and argues such appeal should be sufficient to exhaust his claims because it was
2  reviewed at the highest level of the agency.  (ECF No. 48, Pl.'s Opp'n at p. 6.)  Plaintiff claims that
3  "[a]n appeal suffices to exhaust a claim if it puts an agency on adequate notice of the problem
4  (retaliation) for which the Plaintiff seeks redress . . ."  (ECF No. 48, Pl.'s Opp'n at p. 6.)
5    Plaintiff is incorrect because in order to properly exhaust, he must comply with "the applicable
6  procedural rules."  Jones, 549 U.S. at 218.  In this instance, Plaintiff improperly bypassed two levels
7  of the administrative remedy process and filed this action without exhausting the administrative
8  remedies in violation of the PLRA.  See Jones, 549 U.S. at 217-218 ("The Supreme Court has held
9  that "proper exhaustion" is required under the PLRA, and this means a prisoner must "'complete the
10 administrative review process in accordance with the applicable rules.'" (quoting Woodford, 548 U.S.
11 at 88.); see also Albino, 747 F.3d at 1172 (summary judgment should be granted if defendant
12 demonstrates "that there was an available administrative remedy, and that the prisoner did not
13 exhaustion that available remedy.").  Thus, to complete the process a federal prisoner must submit
14 administrative remedy requests to each level of review and, if denied, complete the administrative
15 remedy process through submission of a BP-11 to the General Counsel.  (Vickers Decl. ¶ 2.)
16 Furthermore, because Plaintiff's BP-11 administrative appeal was rejected on procedural grounds it
17 was not reviewed or denied on the merits, and it is a denial on the merits only that suffice to exhaust
18 the administrative remedies.  (Vickers Decl. ¶ 5; see also 28 C.F.R. §§ 542.15, 542.17(a).)  Thus,
19 Defendant's motion for summary judgment should be granted.

## III.
## RECOMMENDATIONS

22  Based on the foregoing, the Court finds that Defendant has met his burden of demonstrating
23 that administrative remedies were available to Plaintiff, and that Plaintiff failed to adequately utilize
24 and exhaust those remedies.  Accordingly, Defendant's motion for summary judgment should be
25 GRANTED, and the instant action should be DISMISSED, without prejudice.
26  These Findings and Recommendations will be submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**
28 after being served with these Findings and Recommendations, the parties may file written objections

with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __July 24, 2015__

UNITED STATES MAGISTRATE JUDGE