UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD NURIDDIN,<br><br>              Plaintiff,<br><br>       v.<br><br>ESTRELLA, et al.,<br><br>              Defendants. | Case No.: 1:11-cv-01448-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)  AND MOTION FOR RECONSIDERATION UNDER RULE 60(b)<br><br>[ECF No. 58] |

On September 9, 2015, Plaintiff's civil rights action filed pursuant to <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971), was dismissed, without prejudice, for failure to exhaust the administrative remedies.  (ECF No. 55.)

**I.**

**INTRODUCTION**

Plaintiff argues, by way of notice of supplemental authority filed on September 18, 2015, after the Findings and Recommendation were filed and adopted in full, that he was unable to file his appeal at the appropriate level because he feared for his safety if he did so and was subject to "threats" of retaliation.

On September 24, 2015, Plaintiff also filed a motion under Federal Rule of Civil Procedure 56(e) to alter or amend the judgment.  (ECF No. 58.)  Defendant filed a response on October 2, 2015.  (ECF No. 59.)

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment.  Plaintiff's motion is timely under this Rule.  Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).   A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

## III.

## DISCUSSION

In his present motion, Plaintiff contends the "record is clear" that he "was ambushed with retaliation by prison officials immediately upon filing the BP-8 attached to his objections, and at every moment thereafter, including further implied retaliation and threats of retaliation which made the filing of additional administrative remedies, specifically, a second BP-8 impossible." (ECF No. 58, Mot. at ¶ 4.) (emphasis in original).  Plaintiff further contends that if this Court finds that Plaintiff failed to exhaustion the administrative remedies with respect to his retaliation claim, "the Court should make a finding as to whether or not that failure was justified based on the retaliation and threats of retaliation by prison officials which made filing a second and successive BP-8 unavailing."  (Id. ¶ 5.)

In order to demonstrate that the failure to exhaust the administrative remedies may be excused based on threats by prison officials, plaintiff must show that:

> "(1) the threat [of retaliation] actually did deter the plaintiff inmate form lodging a grievance or pursing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust."

McBride v. Lopez, 791 F.3d 1115, 1120 (9th Cir. 2015) (quoting Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008).

In the first amended complaint, Plaintiff alleged two separate claims, namely, an Eighth Amendment claim against officer Estrella for alleged sexual touching during a pat-down search, and a First Amendment retaliation against Lieutenant Miller, Associate Warden Bell, and Warden Rios who were alleged to have retaliated against Plaintiff for filing a grievance against officer Estrella. (ECF No. 16, Order at pp. 2-3.)  The Eighth Amendment claim against officer Estrella was dismissed, and the action was permitted to proceed only on the claim for retaliation under the First Amendment.  (Id. at 6.)

As stated in the Findings and Recommendation, at the time Plaintiff filed the instant action, he had utilized the BOP's administrative remedy program only once.[1]  (ECF No. 51, Findings and Recommendation (F&R) at 5.)  The only record of Plaintiff filing an administrative remedy at any level prior to initiating the instant action was a Central Office appeal, on form BP-11, in which Plaintiff alleged "inappropriate contact by staff."  The appeal was designated 636907-A1.  (Id.)  There is no record in SENTRY of any BP-9 or BP-10, on this or any other issue, filed by Plaintiff at any time prior to submission of this BP-11.  (Id.)

Plaintiff's BP-11 was received on April 5, 2011, and rejected on April 27, 2011, with rejection codes WRL and INS.  (F&R at 5.)  The WRL and INS codes denote that Plaintiff was informed that he filed his appeal at the wrong level, and that he must first file a BP-9 at the United States Penitentiary prior to filing an appeal.  (Id. at 6; see also 28 C.F.R. § 542.15(2) (providing that inmates cannot appeal issues not raised in lower level filings.)  Plaintiff did not file a BP-9 as instructed.  (Id.)

Plaintiff has not demonstrated that any alleged threats by prison officials actually deterred him from filing an inmate grievance.  Although Plaintiff does not provide specifics details of the alleged threats, such factual circumstances can be found in the first amended complaint in this action.  In his

---

[1] Most recently (and well after the instant action was filed), on July 29, 2014, Plaintiff filed a BP-9 at USP Atwater. (Vickers Decl. ¶ 6.)  This BP-9 was designated 788376-F1.  (Id.; Attach. 2.)  The administrative appeal alleges that a staff member retaliated against Plaintiff for filing a complaint against her on April 28, 2014, by having him detained and sent to the Lieutenant's office on June 12, 2014.  (Id.; Attach. 2.)  This appeal clearly has no relevance to this instant action because it involves a separate claim of retaliation that allegedly took place in 2014.  (Id.)

1  first amended complaint, Plaintiff contends that on November 5, 2010, he filed an informal complaint
2  to his counselor relating to the sexual assault claim not present in this action.  (ECF No. 14, First Amd.
3  Compl. ¶ 29.)  After submitting an informal complaint, Lieutenant Miller threatened Plaintiff to drop
4  the complaint and not file further grievances or he would be buried in the security housing unit
5  indefinitely.  (Id. ¶ 32.)  Plaintiff declined to obey Defendant Miller's request and was placed in the
6  security housing unit for filing the informal complaint against officer Estrella.  (Id. ¶ 33.)  Several days
7  later, Plaintiff was threatened by an unidentified officer who denied Plaintiff's release from the
8  security housing unit and threatened Plaintiff to withdraw the grievance or he would remain the
9  segregation for a long period of time.  (Id. ¶¶ 34-36.)  Defendants Rios and Bell also told Plaintiff that
10 they could do nothing about his placement in the security housing unit unless he dropped the
11 complaint against their fellow officer.  (Id. ¶¶ 38-41.)  Plaintiff remained in the security housing unit
12 for a month and a half relating to the complaints against officer Estrella.  (Id. ¶ 42.)

13         First, there is not a sufficient basis to find that Plaintiff was actually deterred by prison
14 officials' alleged threats.  Plaintiff claims he was threatened with placement and/or retention in the
15 security housing unit, yet he failed to drop the prior grievance despite such threat.  Second, the alleged
16 threats were in relation to a complaint filed against an unrelated officer on an unrelated claim of sexual
17 assault (not present in this action).  Third, Plaintiff contends he was retained in the security housing
18 unit for one and a half months from November 5, 2010.  Yet, Plaintiff did not submit the grievance
19 relating to his claim of retaliation until April 5, 2011-well after his release from the security housing
20 unit and there is no basis to find that Plaintiff was actually deterred by the alleged threats.  Based on
21 these circumstances, Plaintiff has failed to meet his burden of demonstrating that the exhaustion of the
22 administrative remedies should be excused, and the evidence demonstrates only that he unilaterally
23 attempted to by-step the proper procedure in submitting a grievance and failed to follow the
24 administrative procedure to re-submit the grievance at the proper level of review.
25 ///
26 ///
27 ///
28 ///

## IV.

## ORDER

Based on the foregoing, Plaintiff's motion for reconsideration and/or to alter the judgment is DENIED.

IT IS SO ORDERED.

Dated:  **March 15, 2016**              /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE